(19 App. Div. 607.)

## CRAM v. CRANFORD.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

PLEADING AND PROOF.

Plaintiff sued to recover for excavating rock for defendant. Defendant sought to show a breach of contract by failure to break the rock into building stone, and that a portion of the rock was taken from a lower level than specified in the contract. The answer alleged that the work was done in pursuance of a certain contract, and not otherwise. *Held* that, under such an answer, defendant could not show that a portion of the work was done outside of the contract, and hence should not be paid for.

Appeal from trial term, Westchester county.

Action by George W. Cram against Kenneth Cranford. From a judgment in favor of plaintiff, rendered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Isaac N. Mills, for appellant.
William L. Snyder, for respondent.

WILLARD BARTLETT, J. This action was brought to recover a balance alleged to be due to the plaintiff for excavating 3,475 cubic yards of rock for the defendant. On the trial the defendant sought to show (1) that the plaintiff had not fulfilled the provision of the contract which required him to break up the rock into building stones small enough for two men to lift each piece; and (2) that the 3,475 cubic yards of rock actually excavated included a considerable quantity taken from a lower level than that specified in the contract as the desired depth of the excavation. The trial court allowed the defendant to put in his proof in support of the first proposition, but excluded all evidence tending to prove that a portion of the excavation was below the depth designated in the contract, holding that no such defense had been pleaded. In this ruling, I think the learned

judge was right.   The complaint alleged that "at South Mount Vernon, in the county of Westchester, in the state of New York, between and including the 4th day of April, 1891, and the 25th day of July, 1891, both inclusive, the plaintiff rendered and performed certain work, labor, and services for the defendant, consisting of the blasting, excavating, and removing of three thousand four hundred and seventy-five cubic yards of rock."   This allegation was not denied.   In the second subdivision of the answer the defendant set out the contract substantially in accordance with its terms as proved upon the trial, and then proceeded to aver "that the work, labor, and services done by the plaintiff for the defendant, and alleged in the complaint, were done and performed under and in pursuance of the said contract, and not otherwise."   Here was the clearest sort of admission and averment that the 3,475 cubic yards of excavation, for which the plaintiff was seeking payment, was work done under the contract between the parties; and, if so, it must have been work for which the plaintiff was entitled to be paid.   With such a statement in his pleading, the defendant could not properly be allowed to prove that a portion of this very work was done outside the contract, and hence should not be paid for. It seems probable that the importance of this defense was not impressed upon the mind of the learned counsel for the appellant when he drew the answer, as so skillful a pleader would hardly have omitted to state it in a form which would admit of no doubt as to the meaning.

The judgment should be affirmed.   All concur.